WYNN *v.* DUGAL.

4-5019

Opinion delivered April 4, 1938.

978

*Jas. R. Yerger, J. T. Cheairs, Ohmer C. Burnside,* for appellants.

*Carneal Warfield* and *Lee Baker,* for appellee.

HUMPHREYS, J. This is an appeal from an order of the chancery court of Chicot county on November 8, 1937, correcting a decree of said court appearing to have been rendered on the 26th day of January, 1931, so as to show that the decree was rendered on January 12, 1931. The date the original decree was rendered became an issue in a case filed in said chancery court by appellants against appellee attacking his tax title to 160 acres of land which was confirmed by the state of Arkansas and afterwards purchased by him on the ground that his tax title was void and that they were the owners of said tract of land through mesne conveyances from the original owner thereof. They alleged that the decree confirming the title in the state was rendered in vacation and void. When that issue was tendered in appellant's suit against appellee, appellee filed his motion for *nunc pro tunc* order to correct the date in the state's decree of confirmation so as to show that it was rendered on the 12th day of January, 1931, which was a regular day of court, instead of the 26th day of January, 1931, which was a day after the final adjournment of the court. This motion was controverted by appellant on the ground that the decree of confirmation was actually rendered on January 26, 1931. It is conceded by both parties that January 12, 1931, was a day of the November, 1930, adjourned term of the court and that January 26, 1931, was a day after the final adjournment of said term of court and that if the judgment in favor of the state were rendered on the 12th day of January, 1931, it was valid, whereas if it were rendered on January 26th, it was a vacation order without authority and void. The motion for the *nunc pro tunc* order was heard by the agreement

of counsel upon certain records of the court and the judge's docket entry made by him on January 12, 1931, the original file of the court papers, original decree signed by the chancery judge and the personal recollection of the chancery judge and the attendant facts at the time the original decree was rendered, and the decree itself reciting this case came on for hearing, etc., on the 26th day of January, 1931. Just above the decree where it was entered appears the following:

"In the Chicot County Chancery Court in Vacation" . Reference is made in the decree itself at several places to the term of court and nothing appears in it to indicate that it was taken under advisement and rendered during vacation or that the case was tried by the consent of the parties in vacation. The original judgment itself recites that "it is further ordered and decreed that the court retains jurisdiction of this cause to make such further and supplemental orders and decrees as shall be deemed proper and as the merits of the case shall warrant." The docket entry entered by the judge in his own handwriting on the docket on January 12, 1931, is as follows:

"Cause submitted, decree to take effect as of date. 1-12-31."

It is conceded by appellant that if the court actually heard and tried the case and rendered the decree on January 12, 1931, when regularly in session, and through some inadvertence the decree was dated January 26, 1931, the court had the inherent power to make the record speak the truth by the entry of the *nunc pro tunc* order.

The sole question, therefore, on this appeal is when did the chancery court actually render the original confirmation decree. Appellants contend and argue that the docket entry made by the judge means that the cause was submitted and would be tried in vacation, whereas, appellee contends that the proper construction of the docket entry is that the cause was submitted and tried and the entry thereof passed until the precedent for the judgment might be prepared. The same chancellor who tried the original case was the chancellor who heard the motion for the *nunc pro tunc* order. He construed the docket

entry to mean that the case was submitted and tried and that time was given for the precedent to be prepared and when entered should be entered as of date 1-12-31. In rendering the *nunc pro tunc* order correcting the decree the chancellor recites that after considering the records in connection with the docket entry it is his personal recollection that the judgment was rendered on 1-12-31 and that a clerical error was made in reciting that it was rendered on 1-26-31. We do not think the finding of the chancery court is contrary to a clear preponderance of the evidence. If the case was tried in vacation and the confirmation order rendered on the 26th day of January, 1931, it would have been very easy by parol evidence to establish that fact. As the record stands, we think it is in accord with the finding of the chancery court.

The decree of the court is, therefore, affirmed.